# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **INSIDESALES.COM, INC.,**  Plaintiff,  vs.  **SALESLOFT, INC.,**  Defendant. | **MEMORANDUM DECISION AND ORDER**  Case No. 2:16CV859DAK  Judge Dale A. Kimball |

This matter is before the court on Defendant SalesLoft's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue. On September 13, 2017, the court held a hearing on the motions. At the hearing, Plaintiff was represented by Paul B. Gaffney and Samuel C. Straight, and Defendant was represented by H. Dickson Burton. The court took the motion under advisement. After carefully considering the parties' memoranda and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

On August 4, 2016, InsideSales filed its Complaint for alleged patent infringement against SalesLoft. In the Complaint, InsideSales alleges that venue is proper in this district because SalesLoft was subject to personal jurisdiction in this district and has sold allegedly infringing products in this district. SalesLoft is a Delaware corporation with its principal place of business in Atlanta, Georgia. On December 1, 2016, SalesLoft filed two motions to dismiss based on unpatentability under 35 U.S.C. § 101 and failure to state a claim upon which relief can be granted.

On December 14, 2016, the United States Supreme Court granted certiorari in *TC Heartland LLC v. Kraft Foods Group Brands LLC,* 821 F.3d 1338 (Fed. Cir.), *cert. granted* 137 S. Ct. 614 (2016), which raised the issue of proper venue in patent cases. On May 22, 2017, the Supreme Court issued its decision in *TC Heartland*, 137 S. Ct. 1514 (2017), reversing the Federal Circuit and explaining that venue in a patent case is proper only where a defendant is incorporated or where its regular and established place of business is located.

At the time the Supreme Court decided *TC Heartland*, this court had SalesLoft's motions to dismiss under advisement. Three days after the *TC Heartland* decision, SalesLoft filed a notice of supplemental authority regarding a new case relating to unpatentability under 35 U.S.C. § 101. SalesLoft did not notify this court of the *TC Heartland* decision or seek to supplement its motions to dismiss to add a venue challenge. On June 13, 2017, this court denied SalesLoft's motions to dismiss.

On June 27, 2017, SalesLoft filed the present motion to dismiss based on improper venue under *TC Heartland*. SalesLoft has not yet answered the Complaint.

## DISCUSSION

### SalesLoft's Motion to Dismiss

SalesLoft moves to dismiss or transfer this action for improper venue based on the Supreme Court's recent decision in *TC Heartland*, 137 S. Ct. 1514 (2017). The patent venue statute, 28 U.S.C. § 1400(b), provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." In *TC Heartland*, the Supreme Court concluded that "for purposes of § 1400(b) a domestic corporation 'resides' only in its State of incorporation." 137 S. Ct. at 1517.

Under *TC Heartland*, the only proper venues in this case are the District of Delaware, where SalesLoft is incorporated, or the Northern District of Georgia, where SalesLoft has its principal place of business. InsideSales makes no allegations that SalesLoft has any facilities in the District of Utah, only that SalesLoft has allegedly sold infringing products in Utah. Accordingly, SalesLoft brought this motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure.

However, a Rule 12(b)(3) motion for improper venue is subject to waiver, and SalesLoft has already brought two prior motions to dismiss in this case. Under Rule 12(h) of the Federal Rules of Civil Procedure, "[a] party waives any defense listed in Rule 12(b)(2) -(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1). Rule 12(g)(2) provides that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available to the party* but omitted from its earlier motion." *Id.* 12(g)(2) (emphasis added).

SalesLoft argues that it its Rule 12(b)(3) motion is timely because it was not available to it prior to the *TC Heartland* decision. SalesLoft filed its prior motions to dismiss on December 1, 2016. At that time, the Supreme Court had not granted certiorari in *TC Heartland.* InsideSales, however, argues that SalesLoft waived its venue challenge because SalesLoft could have advanced the same argument as was advanced in *TC Heartland* and SalesLoft should have notified this court of the *TC Heartland* decision prior to this court's ruling on SalesLoft's original motions to dismiss.

Courts are divided as to whether the improper venue basis for SalesLoft's motion was available prior to the *TC Heartland* decision. "[A]n exception to the general rule of waiver . . . exists . . . when there has been an intervening change in the law recognizing an issue that was not

previously available." *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999). The parties, as well as courts around the country, dispute whether *TC Heartland* changed the law. The *TC Heartland* Court stated that it was not announcing a new standard but simply reaffirming the venue rule it had established sixty years prior. 137 S. Ct. at 1520. In reversing the Federal Circuit, the Supreme Court relied on its interpretation of the term "resides" in its decision in *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957). The issue in *TC Heartland* was whether Congress had legislatively overruled *Fourco* through subsequent amendments to the general venue provisions. 137 S. Ct. At 1520.

Although the Federal Circuit ruled twenty-seven years ago that Congress had legislatively overruled *Fourco*, *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), the *TC Heartland* Court overruled *VE Holding* and determined that *Fourco* remained good law. InsideSales contends that, at most, *TC Heartland*, merely strengthened SalesLoft's available venue defense. Decisions that merely "provide[] a stronger basis" for a claim cannot save a venue challenge omitted from an earlier-filed motion. *See In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 244 (2d Cir. 2016). Several district courts across the country have rejected the exact arguments SalesLoft advances in its motion. "Based on the Supreme Court's holding in *TC Heartland*, *Fourco* has continued to be binding law since it was decided in 1957, and thus, it has been available to every defendant since 1957. Accordingly, the court finds that *TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*," *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017).

InsideSales claims that there was nothing stopping SalesLoft from making a venue challenge similar to the venue challenge made in *TC Heartland* that worked its way up to the

4

Supreme Court. However, the *TC Heartland* decision reversed Federal Circuit precedent that had been in place for 27 years. InsideSales' entire argument for waiver relies on treating the *TC Heartland* decision as a mere restatement of an older case. However, it was a dramatic departure from twenty seven years of Federal Circuit authority. Before *TC Heartland*, the law on patent litigation venue was controlled by the Federal Circuit's decision in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), *cert. denied* 499 U.S. 922 (1991). The Supreme Court denied certiorari in *VE Holding* at the time and it was considered the controlling law. Over those twenty-seven years, many parties challenged *VE Holding*, but none were successful at the district court level, circuit court level, or in getting certiorari granted by the Supreme Court until the Supreme Court granted certiorari in *TC Heartland*. *See e.g., Vulcan Equip. Co. v. Century Wrecker Corp.*, No. 90-1339, 1991 WL 11176416 (U.S. Feb. 6, 1991); *Script Sec. Sols. LLC v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E. D. Tex. 2016). In addition, in *MyMail, Ltd. v. IAC Search & Media, Inc.*, No. 2:16cv1434-JRF-RSP, Dkt. 32 (E. D. Tex. March 17, 2107), a district court denied a motion to dismiss for improper venue while *TC Heartland* was pending before the Supreme Court on the grounds that *VE Holding* was still controlling law. *Id.* at 1-2. This pattern shows that *VE Holding* was settled and established law until the Supreme Court issued the *TC Heartland* decision.

This court finds that it is not accurate to state that the Supreme Court's 1957 *Fourco* was good law since that time when it was not being applied by any court and the Supreme Court failed to grant certiorari to ensure that it was followed. Moreover, if *Fourco* was controlling law at the time InsideSales filed its Complaint in the present case, InsideSales misrepresented to the court that venue was proper in this court. The court does not believe that InsideSales should be allowed to rely on *VE Holding* to claim that its venue assertions in its Complaint were made in

5

good faith and then contend that *VE Holding* was never controlling law. The court, therefore, concludes that *TC Heartland* was a change in the controlling law and a venue challenge was not available to SalesLoft until the Supreme Court issued its decision. *See Curtis Publishing Co. v. Butts*, 388 U.S. 130, 143 (1967) ("[T]he mere failure to interpose [] a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground.").

Nonetheless, even if *TC Heartland* is a change in the law, that does not resolve the issue before this court. InsideSales argues that SalesLoft still waived its venue challenge because it failed to notify this court of the decision while its original motions to dismiss were pending. It is well established that "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objection *as soon as their cognizability is made apparent*." *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 143 (1967) (emphasis added).

The rules specifically provide a system in which venue challenges are not available for tactical deployment. A party cannot wait to see how a motion to dismiss on the merits turns out before challenging venue. In this case, SalesLoft had several weeks in which to notify the court that it wanted to supplement its pending motions to dismiss. During that time period, SalesLoft notified the court of other recent decisions impacting the §101 motion. SalesLoft similarly could have, and should have, notified the court of the *TC Heartland* decision if it did not want to waive the venue challenge. By waiting to see how the court would come out on its unpatentability motion, SalesLoft waived its venue challenge. Accordingly, the court denies SalesLoft's motion to dismiss.

## CONCLUSION

Based on the above reasoning, Defendant SalesLoft's Rule 12(b)(3) Motion to Dismiss or Transfer for Improper Venue [Docket No. 70] is DENIED.

DATED this 26th day of September, 2017.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge